# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LORENZA GERALD FEREBEE, JR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00142 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **M. SKINNER, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Lorenza Gerald Ferebee, Jr., Pro Se Plaintiff.*

The plaintiff, Lorenza Gerald Ferebee, Jr., a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that prison officials have violated his constitutional rights in various ways since 2008. The Complaint consists of nearly 120 pages and references numerous exhibits that are not attached. It names more than two dozen officials as defendants and seeks money damages as well as various other forms of relief. Ferebee has submitted an executed Consent to Fee form, agreeing to pay the filing fee for this action through installments. After review of his pleadings and past court records, I conclude that he does not qualify to pay in installments, because of his current allegations and his prior cases in federal courts. Accordingly, I will deny his application for in forma pauperis status and summarily dismiss this lawsuit under § 1915(g).

I.

Ferebee's Complaint asserts multiple claims against many defendants related to events that occurred between February 2021 and July 2022 while he was confined at Wallens Ridge State Prison (WRSP) and Red Onion State Prison (ROSP). His claims allege officials' failure to protect him from harmful conditions and situations in the past, deprivations of personal property without due process, use of excessive force, retaliation, disciplinary charges and penalties imposed without due process, interference with legal mail and access to courts, equal protection violations, assignment to long-term segregated confinement without due process, and conspiracy or other joints effort at two prisons to deprive Ferebee of constitutional rights.[1]

A use of force incident that occurred at WRSP on March 22, 2022, appears to be the primary focus of Ferebee's Complaint. Ferebee alleges that when he approached defendant Skinner about lawsuit-related photocopies he had requested from a counselor, Skinner began assaulting him, a control booth officer shot him in the elbow with some sort of projectile, and Skinner slammed him to the floor. Skinner later reported that Ferebee had threatened to kill him with a knife, which triggered the use of force. Officers placed Ferebee in restraints and escorted him to

---

[1] Many of Ferebee's claims in this case are not related in subject matter, time, or place, and involve varying defendants. Thus, the claims in the Complaint are not properly joined in one lawsuit. Fed. R. Civ. P. 18, 20.

the medical unit. Ferebee claims they intentionally made the handcuffs too tight, squeezed his arms, and made verbal threats during the escort. At the medical unit, while Ferebee was isolated in an exam room off camera,[2] officers allegedly punched and kicked him until he went unconscious and/or had a seizure. Officers transported him to a local medical facility from which he was airlifted to a larger hospital in Roanoke, Virginia. He alleges that he was bleeding from his ears, his brain was not getting enough oxygen, and his lungs collapsed.

At the hospital, investigators interviewed Ferebee. Ferebee admits that he lied to them, claiming that officers planted the homemade knife on him. Ferebee says he lied out of fear that his possession of the knife would result in additional criminal charges. Ferebee denies that Skinner or other officers knew about the knife until they found it while placing Ferebee in a medical holding cell after the use of force incident. He also denies that he tried to injure Skinner or other officers on March 22, 2022. After the incident, officers charged Ferebee with seven disciplinary offenses, including threatening to kill Skinner, assault (spitting on escort officers), possession of the weapon, and approaching Skinner in a threatening manner. Ferebee claims numerous due process violations related to the disciplinary proceedings that followed.

---

[2] At some point while Ferebee was in the medical unit, he allegedly admitted to officers that he was carrying a concealed homemade knife on March 22, 2022, to defend himself against gang member inmates after an encounter with them the previous day over use of the telephone.

Shortly after the March 22, 2022, incident, officials transferred Ferebee to ROSP. He challenges several classification decisions that were allegedly influenced by the use of force incident and the related disciplinary infractions. Ferebee ended up with a higher security level, less ability to earn good conduct time, and assignment to restrictive housing at ROSP where he enjoyed far fewer privileges than in his previous housing status.

## II.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Before bringing this § 1983 action, Ferebee had brought more than three actions that were dismissed as frivolous, malicious, or for failure to state a claim, including *Ferebee v. Stapleton*, Case No. 7:19CV00254 (W.D. Va. March 9, 2020) (dismissed for failure to state a claim), *aff'd*, No. 20-7206 (4th Cir. Feb. 22, 2021) (unpublished); *Ferebee v. Manis*, Case No. 7:19CV00680 (W.D. Va. Feb. 24, 2021) (granting Motion to Dismiss for failure to state a claim), and *Ferebee v.*

*Harris*, Case No. 7:21CV00236 (W.D. Va. June 6, 2022) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim).[3] Accordingly, Ferebee may proceed without prepayment of the filing fee for this case only if he shows that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to the "three strikes" rule in § 1915(g) must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The inmate must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished) (quoting *Martin*, 319

---

[3] In another case of Ferebee's, *Ferebee v. Gilley*, No. 22-7089 (4th Cir. May 18, 2023), the court of appeals directed that Ferebee could not pay his appeal fee through installments because he had at least three strikes under § 1915(g).

F.3d at 1050). Thus, this "imminent danger" exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296, 297 (2d Cir. 2009) (finding that "the statute requires that the prisoner's complaint seek [sic] to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint").

Ferebee's many claims in this case concern events that occurred months before he filed his Complaint in March 2023. He does not state facts showing that when he filed the case after his transfer to ROSP, he faced any imminent risk of physical injury, stemming from the defendants' alleged actions or inactions, which primarily occurred at WRSP. The alleged use of excessive force had occurred nearly a year earlier at WRSP. Ferebee's allegations do not support a finding that any aspect of that March 2022 incident placed him in imminent danger of physical harm at ROSP in March 2023. Ferebee's other claims in this case concern other matters, such as disciplinary proceedings and problems with his legal mail or personal property in 2021 and 2022 — matters unrelated to his physical wellbeing in March 2023. Thus, I conclude that Ferebee fails to state facts showing for purposes of the § 1915(g) exception that when he filed his current lawsuit, he was

in imminent danger of serious physical injury that was fairly traceable to any of the alleged legal wrongs set forth in his Complaint.[4]

For the stated reasons, I cannot find that Ferebee is eligible to proceed without prepayment of the filing fee under § 1915(g).  He has not prepaid the $350 filing fee or the $52 administrative fee required to bring this civil action and has been notified by findings in other lawsuits of his three-striker status.  He also has not shown imminent danger.  Therefore, I will dismiss this civil action without prejudice.

A separate Final Order will be entered herewith.

                                                         DATED:   January 10, 2024

                                                         /s/  JAMES P. JONES
                                                         Senior United States District Judge

---

[4] In so holding, I make no finding as to whether Ferebee's current Complaint states any potentially meritorious claims.  I only hold that Ferebee has not prepaid the filing costs and has not shown imminent danger so as to meet the exception in 28 U.S.C. § 1915(g) that would allow him to pay through installments.